741 S.E.2d 23

**In the Matter of Wilton Darnell NEWTON, Respondent.**

**Appellate Case No. 2013–000408.**

**No. 27239.**

Supreme Court of South Carolina.

Submitted March 12, 2013.
Decided April 10, 2013.

---

366

368

Disciplinary Counsel Lesley M. Coggiola and Deputy Disciplinary Counsel Barbara M. Seymour, both of Columbia, for Office of Disciplinary Counsel.

Wilton Darnell Newton, of Clemson, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an

Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to disbarment. In addition, respondent agrees to, within thirty days of the date of this opinion, enter into a restitution plan with the Commission on Lawyer Conduct pursuant to which he will pay restitution over a two year period for losses resulting from his misconduct and to reimburse the Commission and ODC for costs incurred in the investigation and prosecution of this matter. Respondent requests that the disbarment be made retroactive to the date of his interim suspension. We accept the agreement and disbar respondent from the practice of law in this state, but decline to make the disbarment retroactive. Respondent shall pay restitution and costs as outlined in the Agreement. The facts, as set forth in the Agreement, are as follows.

### *Facts*

### *Matter I*

■ In connection with his representation of the personal representative of an estate, respondent received $41,000, which he deposited into his trust account. Respondent improperly removed funds from the trust account, resulting in a balance that was below the amount that should have remained in trust for the estate. Respondent subsequently wrote two checks from the trust account for a beneficiary of the estate, which could not be honored due to insufficient funds. Respondent reissued the checks and they cleared the account because respondent had deposited money into the account that he had received from family members and others to cover the shortage.

### *Matter II*

■ Respondent was hired by the mother of a client to represent the client in two legal matters. The client's mother made payments to respondent of $1,200 and $1,700. Respondent deposited the funds directly into his operating account instead of depositing them in his trust account until earned.[1]

---

1. This conduct occurred prior to this Court's amendment of Rule 1.5 of the Rules of Professional Conduct, to allow a lawyer, under certain

The client and her mother later began having problems obtaining information from respondent regarding the status of the client's pending legal matters, which resulted from respondent having closed his practice and obtained non-legal employment out of state. The client and her mother had to pay another attorney to finalize one of the legal matters. Respondent has not refunded any portion of the fees paid to him to represent the client.

## Matter III

■ The same client retained respondent, on a contingency fee basis, to represent her in a civil action. Respondent referred the client's case to another attorney who obtained a settlement on the client's behalf. Respondent received a portion of the settlement as attorney's fees. The client's portion of the settlement was given to her mother to hold in trust until the client was released from in-patient medical treatment.

When respondent needed funds to deposit into his trust account to cover the estate checks referenced in Matter I, he sought assistance from the client's mother. She issued a check to respondent in the amount of $10,000 from the settlement funds with the understanding that respondent would pay the money back before the client was released from treatment. She wrote "pers loan" on the memo line of the check. However, respondent marked through the word "loan" and wrote "atty fees" on the memo line. The check was deposited into respondent's trust account and the money was used to cover the replacement checks issued in the estate matter. Respondent failed to put terms for repayment of the loan in writing and failed to advise the client's mother to consult an attorney before making the loan. Although respondent did not agree to pay interest on the loan or to make payments or repay the loan by a certain date, he did promise to give the client's mother approximately $7,500 in "several weeks" after liquidating a retirement account. However, respondent did not repay any of the loan, and as a result, the client's mother was forced

circumstances, to deposit a fee in the lawyer's operating account rather than hold the fee in trust. *See* Rule 1.5(f), RPC. Regardless, there is no indication respondent met the requirements of Rule 1.5(f), which would allow him to deposit the funds directly into his operating account.

to borrow $10,000 from a bank in order to have funds to give the client when she was released from treatment. Respondent was informed of the terms of the bank loan and agreed to give the client's mother money to make payments, but as of the date of the Agreement in this matter, respondent had only contributed $500 towards repayment of the loan.

### Matter IV

■ Respondent failed to comply with the recordkeeping requirements of Rule 417, SCACR, by failing to maintain copies of bank statements, substitute checks, records of deposit, or records related to electronic funds transfers related to his trust account or his operating account. Respondent also failed to prepare or maintain an accounting journal, client ledgers, or reconciliation reports. As a result, it is impossible to determine exactly what happened to the money that respondent should have been holding in trust in the estate matter. However, an audit of respondent's trust and operating accounts performed by ODC revealed that over a three to four year period, respondent removed approximately $48,377.98 from his trust account by electronically transferring it to his law firm operating account. Respondent has no document to show that the removal of the funds from his trust account was for any legitimate purpose. Instead, respondent used the funds to pay for office and personal expenses, including food, clothing, sunglasses, flowers, dry cleaning, gas, online shopping, cell phone services, iTunes, ebook and video game downloads, movie rentals, tanning, and a ski vacation. Respondent also wrote 37 checks totaling approximately $21,647.88 on behalf of clients who did not have funds on deposit in the trust account. Those checks were made payable to various entities, including clerks of court and register of deed offices and to clients for refunds. During this period of time, respondent deposited client fees directly into his operating account instead of holding them in trust until earned. He overdrew the account more than 125 times, incurring more than $4,000 in bank fees.

### Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule

407, SCACR: Rule 1.1 (competence); Rule 1.2 (scope of representation and allocation of authority between client and lawyer); Rule 1.15 (safekeeping property); Rule 1.16 (declining or terminating representation); Rule 8.4(b)(criminal conduct); Rule 8.4(d)(conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e)(conduct prejudicial to the administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1)(violated Rules of Professional Conduct); Rule 7(a)(5)(engaged in conduct tending to pollute the administration of justice, tending to bring the courts and the legal profession into disrepute, and demonstrating unfitness to practice law); and Rule 7(a)(6)(violation of the Oath of Office taken upon admission to the practice of law).

### Conclusion

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state. The disbarment shall not be made retroactive to the date of respondent's interim suspension. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

Within thirty days of the date of this opinion, respondent shall pay the costs incurred by ODC and the Commission in the investigation and prosecution of this matter. Also within thirty days of this opinion, respondent shall enter into a plan with the Commission to pay, over a two year period, the following restitution: $1,200 to the mother of the client in Matter II as a refund of legal fees paid on behalf of the client in the criminal matter; $9,500 plus interest to the mother of the same client as repayment of the loan referenced in Matter III; $3,150 to the Lawyers' Fund for Client Protection to hold in trust pending identification of the client to whom the funds withdrawn from the trust account on behalf of the estate in Matter I belong; and full reimbursement to the Lawyers' Fund for any payments made on respondent's behalf. Finally, respondent shall complete the Legal Ethics and Practice

Program Ethics School and Trust Account School prior to readmission.

**DISBARRED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.